# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> CLAIRE R. KELLY,
> > *Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 17-4162-cr

MITCHELL ANDERSON,

> *Defendant*,

JAMES C. DUCKETT, JR.,

> *Defendant-Appellant*.

---

*Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

*For Defendant-Appellant*:                RANDALL D. UNGER, Bayside, NY.

*For Appellee*:                SARAH P. KARWAN, (Sandra S. Glover, on the brief) Assistant United States Attorneys, *for* John H. Durham., United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Appellant James C. Duckett, Jr., was indicted on various counts of conspiracy, mail and wire fraud, and illegal monetary transactions arising from an agreement to renovate Dillon Stadium in Hartford, Connecticut. After a jury trial, Duckett was found guilty of one count of conspiracy to commit mail and wire fraud, 18 U.S.C. § 1349, three counts of wire fraud, 18 U.S.C. § 1343, and eight counts of illegal monetary transactions, 18 U.S.C. § 1959. Duckett argues that there was insufficient evidence to support his convictions because he always intended to complete the Dillon Stadium project. Duckett also asserts that the district court admitted impermissible evidence of prior bad acts by allowing the government to present evidence of Duckett's misstatements regarding his professional football career. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments presented on appeal.

## I.    Sufficiency of the Evidence

We review *de novo* the sufficiency of the evidence underlying a conviction, upholding the "conviction if *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017) (emphasis in original) (internal quotation marks omitted). In evaluating such challenges, we "view the evidence in the light most favorable to the government, deferring to the jury's evaluation of the credibility of witnesses, its choices between permissible inferences, and its assessment of the weight of the evidence." *United States v. Jones*, 482 F.3d 60, 68 (2d Cir. 2006). Duckett asserts there was insufficient evidence to prove any of his three convictions, each of which we address in turn.

Duckett first argues that the government failed to present legally sufficient evidence that he and his co-conspirator, Mitchell Anderson, entered into an agreement to defraud the city of Hartford because they had always intended to complete the project. We are not persuaded. The government offered sufficient evidence to demonstrate that Duckett and Anderson conspired to defraud the city. The evidence supporting Duckett's conspiracy conviction came primarily from Anderson. The jury heard Anderson testify about various instances where he and Duckett submitted invoices to Hartford, received payment from the city, and kept the money for themselves or distributed it to associates, all the while knowing that what they were doing was wrong. Beyond Anderson's testimony, the government produced additional corroborating evidence, including emails and bank records, supporting the jury's guilty verdict.

Next are Duckett's assertions that Anderson, if anyone, conducted the fraud because Anderson submitted the fraudulent invoices from Big Span Structures to

3

Hartford, was the primary contact for Big Span Structures, and had control over the relevant bank accounts. These assertions are meritless. The evidence was sufficient to show that it was Duckett who introduced Anderson to Big Span Structures. The jury also heard that Duckett personally delivered at least one of the invoices at issue and called the city of Hartford to pick up payment for that invoice. Plus, there is no requirement that a defendant have control over a bank account to prove successfully a wire fraud claim. All that is required is that the defendant engage in a scheme to defraud someone out of money or property using interstate wires. 18 U.S.C. § 1343. The record evidence here demonstrates just that.

Finally, Duckett insists that because the evidence fell short of proving him guilty on the conspiracy and wire fraud charges, the evidence on the illegal monetary transaction charges was necessarily deficient too. We are unconvinced. The government produced bank records to demonstrate that the transfers at issue were all over $10,000, as required by 18 U.S.C. § 1957, and stemmed from Duckett and Anderson's scheme to defraud. Given that there was sufficient evidence of a scheme to defraud and the bank records show the monetary transactions exceeded $10,000, there was enough evidence to convict Duckett of illegal monetary transactions.

## II. Admission of "Other Acts" Evidence

We review for abuse of discretion a trial court's evidentiary rulings. *United States v. Quinones*, 511 F.3d 289, 307 (2d Cir. 2007). Duckett argues that the district court erroneously admitted misstatements by Duckett made to those involved in the project that he had played professional football because it was inadmissible evidence of "prior bad acts" under Rule 404(b). We disagree. The prohibition of "other acts"

4

evidence does not include misrepresentations connected to a charged scheme to defraud, and the district court correctly admitted such evidence here.

Evidence is relevant if it has a "tendency to make a fact more or less probable" and the fact "is of consequence" to determining an issue in the case. Fed. R. Evid. 401. Generally, if evidence is relevant, it is admissible. Fed. R. Evid. 402. In this circuit, "other acts" evidence can be admitted "for any purpose other than to show criminal propensity," unless the district court determines its probative value is substantially outweighed by its prejudicial impact. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *see also* Fed. R. Evid. 403. Moreover, "Rule 404(b) does not encompass acts that arose out of the same transaction or series of transactions as the charged offense, are inextricably intertwined with the evidence regarding the charged offense, or are necessary to complete the story of the crime on trial." *United States v. Lebedev*, Nos. 17-3691-cr, 17-3758-cr, 17-3808-cr, 2019 WL 3366714, at *7 (2d Cir. Jul. 26, 2019) (internal quotation marks omitted).

The very fact that Duckett misrepresented his professional football experience to Hartford, the victim of his crimes, tended to show that Duckett acted knowingly and with the specific intent to deceive Hartford in connection with the project. Furthermore, since he made these misrepresentations in furtherance of his scheme to defraud the city, the evidence regarding Duckett's supposed football career was inextricably intertwined with the evidence of the conspiracy to defraud. His misstatements were also relevant to Duckett's primary defense at trial—that he

5

acted in good faith when dealing with Hartford.  These statements tended to detract

from his defense showing an intent to deceive.

The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court